UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

MENACHEM MENDEL SCHNEORSON,

                  Debtor.
-------------------------------------------------------------X
MENACHEM MENDEL SCHNEORSON,

                  Plaintiff,

             v.

BARRY S. FRANKLYN ESQ.,
BARRY S. FRANKLIN & ASSOCIATES P.A.,
MARGALIT SCHNEORSON,
MICHAEL H. COHEN, ALAN R. CARNE ESQ.,
and FURR & COHEN, P.A.,

                  Defendants.
-------------------------------------------------------------X

Chapter 7

Case No. 1-22-40494-jmm

Adv. Pro. No. 1-22-01025-jmm

## MEMORANDUM DECISION ON DEFENDANTS' MOTION TO DISMISS ADVERSARY PROCEEDING

Appearances:

**Menachem Mendel Schneorson**
1553 Union Street
Brooklyn, NY 11213
*Pro Se Debtor-Plaintiff*

Alan R Crane, Esq.
**Furr & Cohen, P.A.**
2255 Glades Road, Suite 419a
Boca Raton, FL 33431
*Attorney for the Defendants*

Robert Nosek, Esq.
**Certilman Balin Adler & Hyman, LLP**
90 Merrick Avenue
East Meadow, NY 11554
*Attorneys for Richard J. McCord,
Chapter 7 Trustee*

HONORABLE JIL MAZER-MARINO
UNITED STATES BANKRUPTCY JUDGE

## INTRODUCTION

Plaintiff commenced this adversary proceeding seeking declaratory and monetary relief against his spouse, her business partner, and the spouse's matrimonial and bankruptcy attorneys based on claims of fraud, bankruptcy fraud, concealment of assets, mail fraud, tax fraud, and abuse of process.  Plaintiff contends that Defendants conspired to file and prosecute a fraudulent matrimonial lawsuit and concealed marital assets to defraud Plaintiff and his bankruptcy estate and creditors.  Defendants moved to dismiss the complaint for lack of standing, lack of personal jurisdiction, and failure to state a claim.  For the following reasons, the motion to dismiss is granted.

## JURISDICTION

The Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a), and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York, dated August 28, 1986, as amended by Order dated December 5, 2012.  The parties consented to this Court's jurisdiction to enter final orders on the claims raised in the adversary proceeding.  *See* Tr. of Aug. 30, 2022 Hr'g, 13:13–16, Adv. ECF No. 24; *see also* Compl., at 4, Adv. ECF No. 1; Mot. to Dismiss ¶ 2, Adv. ECF No. 8.[1]

## BACKGROUND

### *The Matrimonial Action And The Marital Residence*

In 2017, Margalit Schneorson commenced an action captioned *In re: the Marriage of Margalit Schneorson, Petitioner/Counter-Respondent/Wife, and Menachem Schneorson,*

---

[1] Citations to "Adv. ECF No. []" are to documents filed in *Schneorson v. Franklyn et al.*, Adv. Pro. No. 22-1025 (Bankr. E.D.N.Y.), identified by docket entry number.

*Respondent/Counter-Petitioner/Husband, and Barry A. Kaye, Third Party Defendant*, Case No. FMCE-17-011569 (the "Matrimonial Action") in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida (the "Family Court") seeking dissolution of her marriage to Plaintiff, domestic support, and equitable distribution of marital assets.  Mot. for Relief From Automatic Stay (the "Stay Relief Motion") Ex. C, ECF No. 10-3, Case No. 22-40494; *see also* Stay Relief Mot. ¶ 5, ECF No. 10.[2]  Margalit Schneorson asserted a third-party claim in the Matrimonial Action against Barry A. Kaye alleging that Plaintiff conveyed to Barry A. Kaye a "bogus" mortgage on the marital residence located at 1125 NE 6th Street, Hallandale Beach, Florida, which mortgage was removed by the Family Court.  Stay Relief Mot. ¶¶ 12, 15; *see also* Stay Relief Mot. Ex. A ¶ 8, ECF No. 10-1.

Prior to the Matrimonial Action, the Hallandale property deed identified Plaintiff as the sole owner.  Stay Relief Mot. Ex. A ¶¶ 4-5.  By order dated November 19, 2019, the Family Court determined that title to the Hallandale property should be held jointly and directed Plaintiff to execute and deliver a quitclaim deed conveying a one-half interest in the Hallandale property to Margalit Schneorson.  *Id.* ¶ 10.  The Family Court reserved jurisdiction on Margalit Schneorson's request that attorneys' fees and costs be taxed against Plaintiff for failing or refusing to correct the deed voluntarily.  *Id.* ¶ 9.

By order dated July 19, 2019 (the "Ocean Parkway Order"), the Family Court, among other things, directed Plaintiff to deposit the net proceeds from the sale of real property located at 1257 Ocean Parkway, Brooklyn, New York, into the Broward Clerk's Office Court Registry or

---

[2] Plaintiff removed the Matrimonial Action to this Court on April 29, 2022. *See Schneorson v. Schneorson et al.*, Adv. Pro. No. 22-1030 (Bankr. E.D.N.Y.).  Plaintiff has also filed a motion for withdrawal of the reference with respect to that action.  Mot. to Withdraw Reference, ECF No. 7, Adv. Pro. No. 22-1030.  Margalit Schneorson has moved to remand the Matrimonial Action to the Family Court.  Mot. to Remand, ECF No. 6, Adv. Pro. No. 22-1030.

with the trust account maintained by Margalit Schneorson's attorneys.  Am. Obj., at 2, Adv. ECF No. 18; *see also* Am. Obj. Ex. A, at 34, Adv. ECF No. 18.  Barry A. Kaye reports that Margalit Schneorson used that order (and a February 5, 2020 Family Court order) to restrain bank accounts held by him, his business, and his family members that allegedly contain proceeds from the 1257 Ocean Parkway property sale.  *See* Kaye's Obj. to Mot. to Remand ¶ 4, ECF No. 18, Adv. Pro. No. 22-1030.

By order dated July 30, 2019 (the "Temporary Support Order"), the Family Court awarded Margalit Schneorson temporary alimony, exclusive use of the Hallandale property, and temporary partial payment of legal fees.  Stay Relief Mot. Ex. C, at 7.

On November 19, 2019, the Family Court entered an order directing Plaintiff to execute, in open court, a quitclaim deed conveying all Plaintiff's right, title, and interest in and to the Hallandale property to Margalit Schneorson based on that court's findings that Plaintiff had failed to comply with its prior orders.  Stay Relief Mot. Ex. D, at 8, ECF No. 10-4.  The deed conveying the Hallandale property to Margalit Schneorson was recorded on December 19, 2019.  Stay Relief Mot. Ex. E, ECF No. 10-5.

On January 6, 2020, the Family Court entered an order and judgment awarding Margalit Schneorson $111,199.60 in attorneys' fees and costs.  Stay Relief Mot. Ex. F, at 6-7, ECF No. 10-6.

On December 21, 2021, the Family Court entered an order that, among other things, found that Plaintiff violated its orders by failing to pay any temporary alimony, attorneys' fees, or mortgage or insurance payments or real estate taxes for the Hallandale property.  Stay Relief Mot. Ex. G, ECF No. 10-7.  The December 21, 2021 order granted Margalit Schneorson's motion for early equitable distribution of the Hallandale property and authorized her to sell it.  *Id.* at 3.  The

order required the net sale proceeds be held in Margalit Schneorson's matrimonial attorney's trust account, albeit certain distributions could be made without further court order, subject to a final accounting.  *Id.* at 4.

### Plaintiff's Bankruptcy Cases

Less than two weeks later, on December 29, 2021, Plaintiff filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code *pro se*.[3]  *In re Schneorson*, Case No. 21-43159 (Bankr. E.D.N.Y.) (the "First Case").   The First Case was automatically dismissed pursuant to Bankruptcy Code section 521(i) on February 14, 2022, due to Plaintiff's failure to file required schedules and statements.  Notice of Automatic Dismissal, ECF No. 42, Case No. 21-43159.

On March 6, 2022 (the "Petition Date"), Barry A. Kaye, Aaron Berlin, and Mark Alnatan filed against Plaintiff an involuntary petition for relief under chapter 7 of the Bankruptcy Code.  *In re Schneorson*, Case No. 22-40433 (Bankr. E.D.N.Y.) (the "Bankruptcy Case").   Shortly thereafter, on March 14, 2022, Plaintiff filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code *pro se*.  *In re Schneorson*, Case No. 22-40494 (Bankr. E.D.N.Y.).  By order dated April 13, 2022, the Court found that Plaintiff's voluntary petition constituted consent to the entry of an order for relief in the Bankruptcy Case and directed the two cases be consolidated. Order Consolidating Cases, ECF No. 18, Case No. 22-40433.  On April 19, 2022, the Court entered an order for relief under chapter 7 of the Bankruptcy Code in the Bankruptcy Case.  Order for Relief, ECF No. 23, Case No. 22-40433.

On April 20, 2022, the United States Trustee appointed Richard J. McCord as chapter 7 trustee (the "Chapter 7 Trustee") for Plaintiff's bankruptcy estate.  Notice of Appointment of Trustee, ECF No. 24, Case No. 22-40433.

---

[3] All references to the Bankruptcy Code are to 11 U.S.C. § 101 *et seq.*

On June 30, 2022, Margalit Schneorson filed a proof of claim, identified on the Claims Register of the Bankruptcy Case as Claim Number 9-1 (the "Proof of Claim"), asserting a $750,271.43 priority claim for domestic support.  *See* Claims Reg., Case No. 22-40433.  The claim amount is based on the amounts awarded in the Temporary Support Order plus additional amounts for temporary alimony and attorneys' fees.  *Id.*

### The Stay Relief Motion

Margalit Schneorson filed the Stay Relief Motion on March 18, 2022 and a supplement and amendment to the Stay Relief Motion on April 11, 2022.  *See* ECF Nos. 10, 35, Case No. 22-40494; *see also* ECF Nos. 7, 13, Case No. 22-40433.[4]

The Stay Relief Motion requests an order granting relief from the automatic stay (or a determination that the stay is inapplicable) to allow (i) the Family Court to enter and enforce all orders necessary or appropriate respecting the dissolution of the marriage, and (ii) Margalit Schneorson to sell the Hallandale property.  Stay Relief Mot. ¶ 2, ECF No. 10.

On April 5, 2022, Barry A. Kaye, one of the petitioning creditors and a third-party defendant in the Matrimonial Action, filed an objection to the Stay Relief Motion.  Kaye's Obj. to Stay Relief Mot., ECF No. 24, Case No. 22-40494.   Barry A. Kaye alleges that Margalit Schneorson's characterization of Plaintiff and Barry A. Kaye and statements respecting the Matrimonial Action are false and misleading.  *Id.* at 1-3.  Next, Barry A. Kaye raises procedural objections to the Stay Relief Motion, including that Margalit Schneorson's attorney filed the motion prior to entry of the order granting him admission *pro hac vice*, the Stay Relief Motion was filed without an affidavit and not properly served, and the Stay Relief Motion is defective as it

---

[4] The stay relief motions and supplements filed in the two bankruptcy cases are identical.  The responsive papers were filed only in Case No. 22-40494.  Due to the consolidation of the two cases, the Stay Relief Order, defined below, was entered only in Case No. 22-40433.

requests declaratory relief, which must be sought by adversary proceeding.  *Id.* at 4-5, 7.  Lastly, Barry A. Kaye objects to the sale of the Hallandale property on the basis that the Chapter 7 Trustee has not had time to investigate the sale and a premature sale may negatively impact creditors.  *Id.* at 6.

On April 6, 2022, Plaintiff filed an objection to the Stay Relief Motion.  Pl.'s Obj. to Stay Relief Mot., ECF No. 25, Case No. 22-40494.  Like Barry A. Kaye, Plaintiff claims Margalit Schneorson and her attorney acted fraudulently in the Family Court and in this Court and raises numerous procedural defects.  *See generally id.*  Further, after an analysis of the factors enumerated in *In re Sonnax Indus.*, 907 F.2d 1280 (2d Cir. 1990), Plaintiff concludes that Margalit Schneorson has not satisfied her burden of proof that relief from the automatic stay is warranted.  *Id.* at 5-6.

On April 7, 2022, the Chapter 7 Trustee filed a response to the Stay Relief Motion.  Ch. 7 Tr.'s Resp. to Stay Relief Mot., ECF No. 26, Case No. 22-40494.  The Chapter 7 Trustee requested that the Court delay its consideration of the Stay Relief Motion until the Chapter 7 Trustee had an opportunity to analyze the issues raised by it.  *Id.* ¶ 1.

On April 11, 2022 and April 12, 2022, Mark Alnatan, another petitioning creditor,[5] filed an objection and a supplemental objection to the Stay Relief Motion.  *See* ECF Nos. 37-38, Case No. 22-40494.  Mark Alnatan's arguments are substantially similar to Barry A. Kaye's and Plaintiff's.  *See generally id.*

The Court held a hearing on the Stay Relief Motion on April 12, 2022.  At the hearing, the Chapter 7 Trustee advised he no longer objected to the sale of the Hallandale property because his preliminary investigation indicated the property was being sold for an amount exceeding its fair market value.  Accordingly, the sale was prudent and in the best interests of Plaintiff's estate and

---

[5] Mark Alnatan's last name was spelled as "Elnatan" on the involuntary petition filed against Plaintiff.

creditors; however, the Chapter 7 Trustee requested that all other relief requested in the Stay Relief Motion be held in abeyance.

At the hearing, Plaintiff, Barry A. Kaye, and Mark Alnatan continued to object to the sale of the Hallandale property. The three accused Margalit Schneorson and her attorney of fraud and objected to the sale on the grounds that the bankruptcy estate has claims against Margalit Schneorson, and creditors should be paid from the proceeds of those claims and not from the sale of the Hallandale property. The Court granted the Stay Relief Motion solely to the extent of permitting Margalit Schneorson to sell the Hallandale property because, among other things, the Chapter 7 Trustee, in his business judgment, determined that the sale was for a price in excess of the property's fair market; Margalit Schneorson held sole title to the Hallandale property; pre-Petition Date, the Family Court authorized Margalit Schneorson to sell the Hallandale property; and Plaintiff did not reside there. The Court rejected the creditors' arguments that the Chapter 7 Trustee should not administer the Hallandale property but pursue claims against Margalit Schneorson instead. A chapter 7 trustee should not abandon an existing asset because another asset potentially could be administered for the benefit of creditors.

On April 14, 2022, the Court entered an order (the "Stay Relief Order") authorizing the sale of the Hallandale property, provided the Chapter 7 Trustee, in his sole discretion, consents to the sale and the net sale proceeds are held by the Chapter 7 Trustee pending further order of the Court. Stay Relief Order, ECF No. 17, Case No. 22-40433. The Court reserved decision on the remaining issues. *Id.* Plaintiff appealed from the Stay Relief Order but did not request a stay pending appeal. Notice of Appeal, ECF No. 34, Case No. 22-40433. The Chapter 7 Trustee reported to the Court that the Hallandale property sale has closed.

**The Adversary Proceeding**

On April 11, 2022, Plaintiff, *pro se*, commenced this adversary proceeding against Margalit Schneorson, Michael H. Cohen (Margalit Schneorson's alleged business partner), Barry S. Franklin, Esq., and Barry S. Franklin & Associates P.A. (Margalit Schneorson's matrimonial attorneys), Alan R. Crane, Esq. (Margalit Schneorson's bankruptcy attorney), and Furr & Cohen, P.A. (Alan R. Crane's law firm).[6] *See generally*, Compl., Adv. ECF No. 1.

Plaintiff alleges that attorneys Barry S. Franklin and Olivia Retenauer (who is not individually a defendant in this action), together with Margalit Schneorson and Michael H. Cohen, "conspired to file and prosecute a multi-year fraudulent matrimonial lawsuit" against Plaintiff in the Family Court and knowingly devised and executed a scheme to defraud various unnamed individuals, businesses, taxing authorities, and creditors of Plaintiff's bankruptcy estate out of millions of dollars.  Compl., at 2.  Plaintiff submits that in furtherance of the scheme, Alan R. Crane and other Defendants also committed fraud in this Court by utilizing fraudulently obtained Family Court orders.  *Id.* at 3, 5-6.

Specifically, Plaintiff alleges:

- Barry S. Franklin and Barry S. Franklin & Associates P.A. repeatedly portrayed Margalit Schneorson as destitute and desperate in the Matrimonial Action, and similar representations were made to this Court in connection with the Stay Relief Motion.  *Id.* at 3.

- Cohen & Schneorson Investment LLC (the "LLC") is a marital asset in which Plaintiff holds a 25% membership interest.  *Id.*  Defendants sold most of the LLC's property for $2,800,000 without sharing the proceeds of the sale with Plaintiff and without notice to him.  *Id.*

- Margalit Schneorson defrauded the Family Court by filing a financial affidavit that stated she was Michael H. Cohen's employee and concealed her ownership interest in the LLC.  *Id.* at 7.

---

[6] The adversary proceeding complaint spells Barry S. Franklin's last name as "Franklyn" and Alan R. Crane's last name as "Carne." Both instances appear to be typographical errors.

- The Temporary Support Order erroneously stated Plaintiff's net worth was $1,713,000 instead of $1,713.00. *Id.* at 7-8. Plaintiff alleges Defendants were aware of the error but used that order in the Family Court and this Court to give a false impression of Plaintiff's net worth. *Id.*

- Alan R. Crane defrauded this Court by claiming Plaintiff owed child support even though the Family Court never ordered child support. *Id.* at 3, 9.

- On July 10, 2019, Margalit Schneorson, Michael H. Cohen, and Barry S. Franklin filed an *ex parte* motion in the Family Court claiming 1257 Ocean Parkway, Brooklyn, New York, was a marital asset, despite the property having been purchased three years before the Schneorsons met and based on documents related to a different property located at 719 Eastern Parkway, Brooklyn, New York. *Id.* at 8-9. As noted above, the Ocean Parkway Order directed Plaintiff to deposit the net proceeds from the Ocean Parkway property sale into the Broward Clerk's Office Court Registry or with the trust account maintained by Margalit Schneorson's attorneys. Am. Obj., at 2, Adv. ECF No. 18; *see also* Am. Obj. Ex. A ¶ 14, Adv. ECF No. 18.

- The Stay Relief Motion alleges that Plaintiff's December 11, 2018 deposition supports Margalit Schneorson's claim that the Ocean Parkway property was a marital asset, but that property was not mentioned in the deposition. Compl., at 9-10.

In Plaintiff's view, the purpose of the fraudulent scheme was to terrorize and victimize Plaintiff and to conceal marital assets, including the Hallandale property and the LLC's assets, from Plaintiff's creditors. *Id.* at 3, 10. Plaintiff asserts that as a result, he became homeless, lost his job, became financially dependent on friends, and suffered other damages, including legal fees. *Id.* at 10-11.

On May 13, 2022, Defendants filed a motion to dismiss the adversary proceeding pursuant to Rule 12(b)(1), (b)(2), and (b)(6) of the Federal Rules of Civil Procedure (the "Motion to Dismiss"). Mot. to Dismiss, Adv. ECF No. 8. Defendants argue that Plaintiff lacks standing to pursue the alleged claims, the Court lacks personal jurisdiction over Michael H. Cohen, and the complaint fails to state a cause of action upon which relief can be granted. *See generally id.*

Defendants contend:

- Plaintiff lacks standing to bring these claims because the claims are based on pre-Petition Date conduct, are property of the bankruptcy estate, and can only be brought by the Chapter 7 Trustee.  *Id.* ¶ 10.

- Plaintiff lacks standing to bring these claims because he is not bringing them on his own behalf but on behalf of creditors of the bankruptcy estate.  *Id.* ¶ 11.

- The Court lacks personal jurisdiction over Michael H. Cohen because he resides in Israel and was not served in accordance with Fed. R. Civ. P. 4(f).  *Id.* ¶ 14.  Furthermore, no proof of service on Michael H. Cohen has been filed.  *Id.*

- Plaintiff's allegations do not state a claim for fraud, are not pled with particularity, and must be dismissed under Fed. R. Civ. P. 9(b) and 12(b)(6).  *Id.* ¶ 5.

- Plaintiff's allegations are primarily statements made in the course of litigation. Under Florida law, statements made in litigation are subject to absolute privilege and cannot be used as allegations in this adversary proceeding.  *Id.* ¶ 6.

- Plaintiff is attempting to relitigate issues that were already decided by the Family Court.  *Id.* ¶¶ 19, 21.

- To the extent Plaintiff argues that Margalit Schneorson held any interest in the LLC, those claims, including equitable distribution of this potential marital asset, have to be resolved by the Family Court and in any event, the LLC interests would not be property of the estate.  *Id.* ¶ 20.

On July 6, 2022, Plaintiff filed an objection to the Motion to Dismiss and a cross-motion for sanctions against Defendants (the "Objection").  Obj., Adv. ECF No. 14.  Plaintiff argues the complaint meets the "notice pleading" requirement of Rule 8(a) of the Federal Rules of Civil Procedure and contains sufficient factual allegations to state a claim.  *Id.* at 3.  Plaintiff also submits that Michael H. Cohen resides in Miami, Florida rather than in Israel, as evidenced by his Facebook page.  *Id.* at 5.

On July 12, 2022, Defendants filed a reply (the "Reply").  Reply, Adv. ECF No. 16. Defendants contend Plaintiff failed to address the arguments raised in Defendants' motion to dismiss.  *Id.* ¶¶ 3, 6-7.  Defendants also submit that assuming, *arguendo*, that orders in the Matrimonial Action contain or are based on erroneous facts, that would not support a cause of action against them for fraud.  *Id.* ¶ 8.

On July 19, 2022, the Chapter 7 Trustee filed a response to the Motion to Dismiss (the "Trustee's Response"). Tr.'s Resp., Adv. ECF No. 17. The Chapter 7 Trustee joins Defendants in arguing that any claims based on pre-Petition Date acts are property of Plaintiff's estate, including claims against Michael H. Cohen related to ownership of the LLC interests. *Id.* ¶¶ 2, 3-6. The Chapter 7 Trustee takes no position respecting claims arising post-Petition Date. *Id.* ¶ 7.

On July 25, 2022, Plaintiff filed an amended objection (the "Amended Objection"). Am. Obj., Adv. ECF No. 18. The Amended Objection focuses on Plaintiff's claim that Defendants perpetuated a fraud on this Court and the Family Court.

Plaintiff reiterates his claims that the Temporary Support Order was a fraud on the Family Court because the order is based on the allegedly false claims that Margalit Schneorson does not have significant income and Plaintiff's net worth is $1,713,000. *Id.* at 3, 4. Plaintiff claims Margalit Schneorson's Proof of Claim asserts claims based on the Temporary Support Order, and the use of the Temporary Support Order as support for the Proof of Claim is a fraud on this Court. *Id.* at 2.

Plaintiff also believes the Ocean Parkway Order is the result of fraud, albeit the allegations are confusing. As best the Court can tell, Plaintiff appears to be alleging that Plaintiff, Margalit Schneorson, and Michael H. Cohen agreed (i) to start the LLC; (ii) that Michael H. Cohen would be permitted to reside at the Hallandale property and pay rent to Plaintiff; and (iii) that Plaintiff's interest in the LLC would be held by Margalit Schneorson. *Id.* at 2. Plaintiff alleges that Margalit Schneorson committed perjury by claiming she is only an employee of the LLC instead of an owner. *Id.* at 12. Plaintiff alleges that Defendants failed to disclose or actively concealed that the LLC's address was the Hallandale property. *Id.* at 4. Apparently, Plaintiff believes the LLC's business address is evidence that the business itself is a marital asset in which he has an interest.

Plaintiff further alleges the LLC is in the business of renting vacation houses, is worth no less than $5 million, and Plaintiff holds a 25% interest in the LLC. *Id*. at 7. Plaintiff alleges he is entitled to a portion of sale proceeds from the LLC's properties and that Defendants concealed the LLC's assets by selling three properties for $2.8 million and failing to give Plaintiff his share of the proceeds. *Id.* at 4, 10-11.

Plaintiff alleges he has standing to bring these causes of action because Defendants' misrepresentations "were made to deceive the Family Court into making nonsensical [o]rders which is now affecting Plaintiff's fresh start in this [b]ankruptcy proceeding." *Id.* at 4. Plaintiff contends that "[c]ourts have the inherent authority to remedy a Fraud on the Court [sic], and even one who lacks standing to prosecute may bring it to the Court's attention and suggest that it vacate a prior judgment based on Fraud on the Court [sic]." *Id.* at 2.

The Court held hearings on the Motion to Dismiss and the responsive papers on June 28, July 26, and August 30, 2022.

### Other Adversary Proceedings Related To Plaintiff's Bankruptcy Case

Plaintiff has commenced three other adversary proceedings in the Bankruptcy Court that are summarized as follows:

*Menachem Mendel Schneorson v. Barry S. Franklyn Esq., Barry S. Franklin & Associates P.A., and Margalit Schneorson*, Adv. Pro. No. 22-1031 (Bankr. E.D.N.Y.), filed May 2, 2022, and *Menachem Mendel Schneorson v. Margalit Schneorson, Barry S. Franklin Esq., and Barry S. Franklin & Associates P.A.*, Adv. Pro. No. 22-1049 (Bankr. E.D.N.Y.), filed June 28, 2022. In those two adversary proceedings, Plaintiff alleges the defendants violated the automatic stay by filing a motion to bifurcate claims in the Matrimonial Action and requests the Court to hold the defendants in civil contempt and award him actual and punitive damages and attorneys' fees under

Bankruptcy Code section 362(k).  Compl. ¶¶ 13, 16-19, ECF No. 1, Adv. Pro. No. 22-1031; Compl. ¶ 22, ECF No. 1, Adv. Pro. No. 22-1049.  The defendants in those adversary proceedings have moved to dismiss the complaints.  *See* ECF No. 8, Adv. Pro. No. 22-1031; ECF No. 5, Adv. Pro. No. 22-1049.

*Margalit Schneorson v. Menachem Schneorson et al.*, Adv. Pro. No. 22-1030 (Bankr. E.D.N.Y.), filed April 29, 2022.  As noted above, this adversary proceeding is the Matrimonial Action that Plaintiff removed to this Court.

Additionally, Plaintiff filed a complaint with the United States District Court for the Eastern District of New York, captioned *Menachem Mendel Schneorson v. Barry S. Franklin & Associates P.A., Barry S. Franklin, Olivia Retenauer, Margalit Schneorson, Michal H. Cohen, Cohen & Schneorson Investment LLC, Furr and Cohen, P.A., Alan R. Crane Esq., John Doe #1 through #10 and Jane Doe 1 through #10*, CV-22-3319 (E.D.N.Y.), on June 6, 2022, asserting claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968.

## DISCUSSION

### I.  Standing To Pursue The Claims Asserted In The Adversary Proceeding

When considering the issue of standing, the Court must analyze "both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise."  *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  Constitutional standing "imports justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III [of the Constitution.]"  *Id.*  Prudential standing, on the other hand, "refers to the requirement that even '[w]hen the plaintiff has alleged injury sufficient to meet the "case or controversy" requirement, ... the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'"  *In re SunEdison,*

*Inc.*, No. 16-10992 (SMB), 2019 WL 2572250, at *5 (Bankr. S.D.N.Y. June 21, 2019) (quoting *Warth*, 422 U.S. at 499). "If the plaintiff lacks prudential standing, the Court need not consider Constitutional standing." *Id.*

In a chapter 7 case, "a pre-petition cause of action is property of the Chapter 7 bankruptcy estate, and *only* the appointed Chapter 7 Trustee has standing to pursue it." *Echeverria v. Nat'l Auto Fin. Co. (In re Echeverria)*, No. 6:18-BK-07478-KSJ, 2020 WL 2844520, at *2 (Bankr. M.D. Fla. May 29, 2020). Therefore, "during the pendency of a bankruptcy case, the debtor does not have standing to initiate or pursue an action based on a prepetition claim unless the trustee abandons it back to the debtor." *In re Narcisse*, No. 96–21345 (NHL), 2013 WL 1316706, at *4 (Bankr. E.D.N.Y. Mar. 29, 2013) (quoting *In re Arana,* 456 B.R. 161, 170 (Bankr. E.D.N.Y. 2011)).

Most of Plaintiff's claims are based on events that transpired in the Family Court prior to the Petition Date. Specifically, Plaintiff's claims are based on Defendants' conduct in securing the entry of the Temporary Support Order and the Ocean Parkway Order. All claims arising from Defendants' pre-Petition Date conduct are property of the bankruptcy estate. The Chapter 7 Trustee has the exclusive authority to pursue those claims unless and until the Court orders otherwise or the trustee abandons the claims. *See Unsecured Creditors Comm. of Debtor STN Enters., Inc. v. Noyes (In re STN Enters.)*, 779 F.2d 901 (2d Cir. 1985); *Commodore Int'l Ltd. v. Gould (In re Commodore Int'l Ltd.)*, 262 F.3d 96 (2d Cir. 2001); and *Glinka v. Fed. Plastics Mfg. (In re Housecraft Indus. USA, Inc.)*, 310 F.3d 64 (2d Cir. 2002).

The complaint, however, also includes claims based on Defendants' conduct after the Petition Date. Those claims are limited to Defendants' alleged improper use of the Temporary Support Order, the Ocean Parkway Order, and other Family Court orders in pleadings filed in this

Court and to Defendants' alleged misrepresentations to this Court regarding the Family Court proceedings, including Defendants' erroneous statement that Plaintiff defaulted on child support payments. Assuming, *arguendo*, those allegations state a cause of action for fraud (or anything else), Plaintiff would nonetheless lack prudential standing to bring such claims because Plaintiff purports to bring those claims on behalf of third parties.

Plaintiff claims Defendants' alleged fraud harmed third parties such as "businesses, individuals, government" and "the IRS, Florida Sale Tax [sic], creditors, contractors." Compl., at 2. Plaintiff does not allege in the complaint that he suffered harm from Defendants' post-Petition Date conduct. Therefore, Plaintiff lacks prudential standing to bring claims based on Defendants' post-Petition Date conduct. *See In re SunEdison, Inc.*, 2019 WL 2572250, at *5 (citing *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 84 (2d Cir. 2014)) ("The party seeking relief bears the burden of proving both Constitutional and prudential standing.").

Plaintiff's statements that the Court has subject matter jurisdiction over this matter and the complaint sufficiently alleges harm to "the Debtor, his Creditors, and to this Court," *see* Obj., at 1, are conclusory and insufficient to establish that Plaintiff has Constitutional or prudential standing to bring post-Petition Date claims that purportedly harmed third parties, whether or not those third parties are creditors of the estate. Furthermore, as set forth below, many of the remaining claims must be dismissed for lack of standing and failure to state a claim because they are claims under criminal statutes for which there is no private right of action.

## II. Dismissal For Failure To State A Claim Under Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) of Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012(b), provides for dismissal of a complaint if it fails to state a claim upon which relief can be granted. "To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In the case of a *pro se* litigant, the Court reads the pleadings leniently and holds them "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see Lopez v. Jet Blue Airways*, 662 F.3d 593, 596 (2d Cir. 2011) (noting that a *pro se* plaintiff "is entitled to a particularly liberal reading" of his complaint). Nonetheless, a *pro se* plaintiff must plead enough facts to state a claim for relief that is plausible on its face and contain factual allegations sufficient to raise a "right to relief above the speculative level." *Johnson v. City of New York*, 669 F. Supp. 2d 444, 449 (S.D.N.Y. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

On a motion to dismiss a complaint under Fed. R. Civ. P. 12(b)(6), a court must accept all *factual* allegations in the complaint as true, even if the allegations are doubtful in fact. *Bell Atl. Corp.*, 550 U.S. at 555 (emphasis added). A court, however, need only accept as true those allegations that are truly factual allegations as opposed to allegations that are conclusory or subjective characterizations. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Ashcroft*, 556 U.S. at 678 ("[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" are not sufficient."); *Bell Atl. Corp.*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do[.]"); *see also* 2 James Wm. Moore et al., *Moore's Federal Practice*

§ 12.34 (3d ed. 2021) ("Courts need not accept as true bald assertions, subjective characterizations, or legal conclusions."). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

> In adjudicating a Rule 12(b)(6) motion, a court is entitled to consider:
>
> (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

*In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and rev'd in part on other grounds sub nom. Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005); *cert. denied*, 546 U.S. 935 (2005); *see also Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (noting that "[d]ocuments that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered" in deciding motions under Fed. R. Civ. P. 12); *Faulkner v. Beer*, 463 F.3d 130, 133–134 (2d Cir. 2006) (holding that materials outside complaint may be considered without converting motion to summary judgment if they are "integral" to the complaint and it is clear on record that no dispute exists regarding authenticity or accuracy of materials).

Defendants' Motion to Dismiss attaches an order from *Menachem Schneorson v. Michael H Cohen et al.*, Case No. 2019-031754-CA-01, Circuit Court of the Eleventh Judicial Circuit In and For Miami-Dade County, Florida. *See* Mot. to Dismiss Ex. A, Adv. ECF No. 8-1. The Court is not considering that order or any statements from the Motion to Dismiss regarding Plaintiff's conduct in any judicial proceeding, including the Matrimonial Action. "In determining a motion

to dismiss, a court should be focused solely on whether a plaintiff's allegations state a plausible claim for relief. A court should not consider other explanations for a defendant's conduct, even if a defendant's explanation is more likely to be true." *Modikhan v. Aronow (In re Modikhan)*, No. 19-46591-JMM, 2022 WL 513819, at *13 (Bankr. E.D.N.Y. Feb. 18, 2022) (citing 2 James Wm. Moore *et al.*, *Moore's Federal Practice* § 12.34 (3d ed. 2021)).

The Court, however, is taking judicial notice of the Temporary Support Order that was attached to the Stay Relief Motion. *See* Stay Relief Mot. Ex. C, ECF No. 10-3, Case No. 22-40494. The order states, in relevant part, that Plaintiff's financial affidavit for 2017 "shows assets of $370,293.00 and debts of $368,580.00, for a total net worth of $1,713,000.00 [sic]." *Id.* at 3.

Generally, new allegations in a plaintiff's objection to a motion to dismiss cannot be considered by a court. *In re Colonial Ltd. P'ship Litig. v. Colonial Equities Corp.*, 854 F. Supp. 64, 79 (D. Conn. 1994) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss"); *O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) (same). However, where the plaintiff is *pro se*, "a court may consider new allegations raised by the plaintiff in opposition to a motion to dismiss ... [i]f statements made outside the operative complaint demonstrate that a *pro se* plaintiff could state a claim, if allowed to amend[.]" *Baker v. Bank of Am., N.A.*, 16 Civ. 488 (AKH), 2016 WL 9409022, at *1 (S.D.N.Y. Oct. 31, 2016), *aff'd*, 706 F. App'x 43 (2d Cir. 2017). In such case, the Court must grant leave to amend. *Id.* Accordingly, the Court will consider factual allegations in Plaintiff's Amended Objection.

Defendants bear the burden of proof under Rule 12(b)(6). *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021) (citations omitted) ("While the text does not discuss the burden of proof, every

circuit court to address this issue … has interpreted Rule 12(b)(6) as requiring the movant to show entitlement to dismissal.").

Plaintiff alleges causes of action sounding in fraud, bankruptcy fraud, concealment of assets, mail fraud, tax fraud, and abuse of process.[7]  Each claim should be dismissed for failure to state a claim.

***Fraud***

To prove common law fraud under New York law,[8] Plaintiff must show that "(1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance."  *Banque Arabe et Internationale D'Investissement v. Maryland Nat'l Bank*, 57 F.3d 146, 153 (2d Cir. 1995); *see also Marini v. Adamo (In re Adamo)*, 560 B.R. 642, 647-48 (Bankr. E.D.N.Y. 2016).

Fed. R. Civ. P. 9(b) requires plaintiffs to plead fraud with particularity.  Even where fraud is not an element of the claim, the allegations must satisfy Rule 9(b) if the claim is based on fraudulent conduct.  *Krause v. Forex Exch. Mkt., Inc.*, 356 F. Supp. 2d 332, 338 n. 49 (S.D.N.Y. 2005); *see also Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004) ("Rule 9(b) ... is not limited

---

[7] As noted above, on June 8, 2022, Plaintiff filed a civil RICO complaint against Defendants and several others in the United States District Court for the Eastern District of New York.  *See* ECF No. 57, Case No. 22-40433.  No RICO allegations are before the Court in this adversary proceeding.

[8] The Court is applying New York law because this state has the strongest connection to the claim.  The alleged fraudulent statements were made in New York in the court where Plaintiff's Bankruptcy Case is pending, Plaintiff resides in New York, and the alleged injury occurred primarily in New York.  Florida also has a connection to the claim because Alan R. Crane is admitted to Florida bar, his firm is located in Florida, and he likely filed papers and participated in hearings in this case remotely from Florida.  The outcome would be the same under Florida law because elements of a fraud claim under New York and Florida law are similar.  *See, e.g.*, *BMO Harris Bank, N.A. v. Richert (In re Richert)*, 632 B.R. 877, 893 n. 126 (Bankr. M.D. Fla. 2021) (quoting *Gandy v. Trans World Comput. Tech. Grp.*, 787 So. 2d 116, 118 (Fla. Dist. Ct. App. 2001)) (to prove common law fraud under Florida law, a plaintiff must show: "(1) a false statement of fact; (2) known by the person making the statement to be false at the time it was made; (3) made for the purpose of inducing another to act in reliance thereon; (4) action by the other person in reliance on the correctness of the statement; and (5) resulting damage to the other person").

to allegations styled or denominated as fraud or expressed in terms of the constituent elements of a fraud cause of action."). Plaintiff's contention that the complaint need not plead fraud with particularity and need only satisfy Rule 8(a)'s general "notice pleading" standard is incorrect.

Respecting the requirements of Rule 9(b), the Second Circuit Court of Appeals stated:

> In essence, Rule 9(b) places two further burdens on fraud plaintiffs—the first goes to the pleading of the circumstances of the fraud, the second to the pleading of the defendant's mental state. As to the first, we have held that the complaint must (1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent. As to the second, though mental states may be pleaded generally, Plaintiffs must nonetheless allege facts that give rise to a strong inference of fraudulent intent.

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 171 (2d Cir. 2015) (internal citations and quotation marks omitted).

As set forth above, Plaintiff does not have standing to assert fraud claims arising from pre-Petition Date conduct, and this Court will only consider fraud claims arising from events occurring after the Petition Date. Plaintiff makes several factual allegations that, in his view, constitute fraud. The Court is required to accept those allegations as true, but only to the extent they are indeed factual. This means the Court must accept as true Plaintiff's allegations that affidavits, motions, and other documents filed in the Bankruptcy Case misrepresented Plaintiff's and Margalit Schneorson's net worth and their relative interests in the LLC. *See* Compl., at 3, 7-10. Conversely, the Court must disregard allegations that characterize Defendants' actions and conduct as "fraudulent," "defective," or "illegal." *See e.g.*, *id.* at 2 ("Margalit [S]chneorson knew that the lawsuit was/is a fraud … brought by a fraudster lawyer with a history of fraudulent scams…"); *id.* at 3 ("[I]n furtherance of their common illegal aims…"); *id.* at 5, 9 (referring to the Stay Relief

Motion as defective); *id.* at 8-9 (referring to an affidavit of Margalit Schneorson as "fraudulent and defective").

The factual allegations in the complaint are sufficient to plead the first two elements of fraud—namely, that Defendants made false material representations regarding Margalit Schneorson's and Plaintiff's income and net worth and that Defendants intended to defraud Plaintiff to divert assets to which he otherwise would have been entitled. However, the remaining factual allegations are insufficient to plead the other two elements of a fraud claim—Plaintiff's reliance on Defendants' misrepresentations and damages.

Fatal to the fraud claim is Plaintiff's failure to plead sufficient facts demonstrating his justifiable reliance on the alleged fraudulent statements. Plaintiff fails to identify any allegedly fraudulent statements having been made directly to Plaintiff. Rather, every alleged misstatement was made to this Court. In New York, "indirect communication can establish a fraud claim, so long as the statement was made with the intent that it be communicated to the plaintiff and that the plaintiff rely on it." *Pasternack v. Laboratory Corp. of Am. Holdings*, 27 N.Y.3d 817, 828 (N.Y. 2016). Third-party reliance is not sufficient to satisfy the reliance element of a fraud claim unless the third party "acted as a conduit to relay the false statement to plaintiff, who then relied on the misrepresentation to his detriment." *Id.* Plaintiff does not allege that the statements were made to this Court with the intent they be communicated to Plaintiff. This Court is not an agent of Plaintiff and could not act as a conduit to relay the alleged fraudulent statements to Plaintiff even though Plaintiff read those statements.

Furthermore, Plaintiff makes no allegations that he relied on those statements. In fact, he responded to Defendants' filings in this Court and identified Defendants' alleged misrepresentations. Moreover, Alan R. Crane retracted the misstatement he made in the Stay

Relief Motion that Plaintiff had not paid Family Court-mandated child support.  *See* Notice of Amendment ¶ 3, ECF No. 35, Case No. 22-40494.

Moreover, if Plaintiff had alleged reliance, Plaintiff could not allege his reliance on the statements would have been reasonable.  Although in New York, "the question of what constitutes reasonable reliance is not generally a question to be resolved as a matter of law on a motion to dismiss," *ACA Fin. Guar. Corp. v Goldman, Sachs & Co.*, 10 N.Y.S.3d 486, 487-88 (N.Y. 2015), "reliance on the allegations of an adversary in litigation is unreasonable as a matter of law." *Chkechkov v. FCI Lender Servs., Inc.*, No. 17CV6195FBRLM, 2019 WL 1332760, at *2 (E.D.N.Y. Mar. 25, 2019); *Cascardo v. Stacchini*, 954 N.Y.S.2d 177, 179 (N.Y. App. Div. 2012) ("[T]he plaintiff cannot properly plead reasonable reliance on the representations of another party's counsel so as to support her claim of fraud."); *see also Restatement (Second) of Torts* § 541 (Am. Law Inst. 1977) ("The recipient of a fraudulent misrepresentation is not justified in relying upon its truth if he knows that it is false or its falsity is obvious to him.").

### Fraud On The Court

Federal Rule of Civil Procedure 60(d), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 9024, preserves federal courts' power to "entertain an independent action to relieve a party from a judgment, order, or proceeding" or to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(1) and (3).  Fraud on the court "is a separate concept from the idea of an independent action in equity for relief from a judgment."  12 James Wm. Moore et al., *Moore's Federal Practice* § 60.81 (3d ed. 2022).  Fraud on the court is "fraud which seriously affects the integrity of the normal process of adjudication."  *Gleason v. Jandrucko,* 860 F.2d 556, 559 (2d Cir. 1988).

The Second Circuit has "repeatedly stated that a 'fraud [on] the court' under Fed. R. Civ. P. 60(d)(3) embraces only that species of fraud which does or attempts to,

> defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases."

*In re Brown*, No. 18-72291-AST, 2022 WL 2165712, at *4 (Bankr. E.D.N.Y. June 15, 2022)

(quoting *Kupferman v. Consol Rsch. and Mfg. Corp.*, 459 F.2d 1072, 1078 (2d Cir. 1972)).

> A fraud on the court
>
> occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense.

*McMunn v. Mem'l Sloan-Kettering Cancer Ctr.*, 191 F. Supp. 2d 440, 445 (S.D.N.Y. 2002) (quoting *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989)). "It is well-settled, however, that an isolated instance of perjury, standing alone, will not constitute a fraud upon the court." *Id.* Rather, it "occurs where a party has acted knowingly in an attempt to hinder the fact finder's fair adjudication of the case and his adversary's defense of the action." *Skywark v. Isaacson*, No. 96 Civ. 2815 JFK, 1999 WL 1489038, at *14 (S.D.N.Y. Oct. 14, 1999), *report and recommendation aff'd*, *Skywark v. Isaacson*, No. 96 Civ. 2815 JFK, 2000 WL 145465 (S.D.N.Y. Feb. 9, 2000). "Further, the fraud, misrepresentation or conduct must have actually deceived the court." *In re Old Carco LLC*, 423 B.R. 40, 52 (Bankr. S.D.N.Y. 2010) (citing *United States v. Smiley*, 553 F.3d 1137, 1145 (8th Cir. 2009)).

Here, the complaint does not allege sufficient facts to conclude that Defendants perpetrated a fraud on this Court. Assuming Defendants made misrepresentations, there are no sufficient factual allegations that this Court was improperly influenced by those misrepresentations or that Plaintiff and other parties in interest were unfairly unable to present their claims or defenses. Any misrepresentations to the Family Court would have occurred pre-Petition Date and Plaintiff would

not have standing to bring those claims.  In any case, this Court believes the Family Court is best suited to determine whether Defendants committed a fraud on that court.

In sum, Plaintiff's conclusory characterizations of Defendants' statements as fraudulent are not factual allegations that can be considered by a court in determining whether a complaint states a cause of action.  The remaining factual allegations are insufficient to plead fraud under the applicable Rule 9(b) standard.  For that reason, to the extent Plaintiff has standing to bring fraud claims, those claims will be dismissed for failure to state a claim.

### Bankruptcy Fraud, Mail Fraud, Tax Fraud, And Concealment Of Assets

Plaintiff's claims for bankruptcy fraud, mail fraud, and concealment of assets must be dismissed because those claims are statutory crimes for which there is no private cause of action. *See, e.g.*, *Aziz v. U.S. Bank, N.A. (In re Aziz)*, No. BAP AZ-16-1133-BTAF, 2017 WL 3494805, at *3 n. 7 (B.A.P. 9th Cir. Aug. 3, 2017) (citing *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986)) (noting that 18 U.S.C. §§ 152 [concealment of assets] and 157 [bankruptcy fraud] do not create a private right of action); *Darden v. AWA Collections*, No. 3:21-CV-140-FDW-DSC, 2021 WL 6618839, at *1 n. 1 (W.D.N.C. May 4, 2021) ("The Plaintiff also cites 18 U.S.C. §§ 152, 153 [embezzlement against estate], and 157, however, these criminal bankruptcy statutes do not provide a private cause of action."); *Farmer v. Law Off. Weiner & Weiner, LLC*, No. 19-CV-7115 (GBD) (OTW), 2020 WL 6530882, at *3 (S.D.N.Y. Apr. 6, 2020) (quoting *Newman v. Jewish Agency for Isr.*, No. 16-CV-7593 (WHP), 2017 WL 6628616, at *6 (S.D.N.Y. Dec. 28, 2017)) (holding that mail fraud claims under 18 U.S.C. §§ 1341 and 1343 "[are] not actionable as a private cause of action"); *Wisdom v. First Midwest Bank*, 167 F.3d 402, 408 (8th Cir. 1999) (noting consensus among Circuits that "Congress did not intend to create a private right of action in enacting either the mail or wire fraud statutes.").

Similarly, to the extent Plaintiff alleges that Defendants committed criminal tax fraud, Plaintiff "lacks a judicially cognizable interest in the prosecution or nonprosecution" of Defendants. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). To the extent he alleges that Defendants committed civil tax fraud, Plaintiff lacks prudential standing to pursue those claims on behalf of the taxing authorities. Further, the factual allegations are insufficient to meet the particularity requirement of Fed. R. Civ. P. 9(b) because the complaint fails to plead justifiable reliance and damages caused by Defendants' alleged tax fraud.

### *Abuse of Process*

Plaintiff's complaint also seems to allege a claim for abuse of process, which he calls "misconduct litigation." In New York, "[a]buse of process has three essential elements: (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective." *Greco v. Christoffersen*, 896 N.Y.S.2d 363, 365 (N.Y. App. Div. 2010) (quoting *Curiano v. Suozzi*, 469 N.E.2d 1324 (N.Y. 1984)).[9]

Here, Plaintiff has failed to state a claim for abuse of process. Other than conclusory statements that one of Defendants' objectives was to terrorize and victimize Plaintiff, no factual allegations are made to suggest that any of Defendants used service of process in a perverted manner and for improper purposes. Moreover, to the extent the abuse of process claim is based on allegations of fraudulent conduct, Plaintiff has failed to plead the claim with particularity, as required by Fed. R. Civ. P. 9(b). Thus, this claim will be dismissed.

---

[9] For the reasons noted above, the Court applies New York law, but the outcome would be the same under Florida law. In Florida, the elements of a claim for abuse of process are: "(1) an illegal, improper, or perverted use of process by the defendant; (2) an ulterior motive or purpose in exercising the illegal, improper, or perverted process; and (3) damage to the plaintiff as a result of the defendant's action." *Rubber Res., Ltd., LLP v. Press*, No. 8:08-CV-1730-T-27TBM, 2009 WL 211556, at *2 (M.D. Fla. Jan. 27, 2009) (citing *Valdes v. GAB Robins N. Am., Inc.*, 924 So. 2d 862, 867 (Fla. Dist. Ct. App. 2006)).

***Filing A False Proof Of Claim***

In the Amended Objection, Plaintiff alleges the Proof of Claim falsely asserts a $750,271.43 claim for domestic support obligations that are nondischargable, which negatively impacts Plaintiff's fresh start.  Am. Obj., at 2, 4.

Plaintiff has standing to object to the Proof of Claim.  *See* 11 U.S.C. § 502(a) (providing that a party in interest may object to a proof of claim).  Additionally, Plaintiff also may have standing to seek sanctions under Bankruptcy Code section 105 or Bankruptcy Rule 9011 if Defendants filed a false proof of claim.  *See e.g.*, *Watson v. Stonewall Jackson Mem. Hospital Co.* (*In re Watson*), No. 10-1292, 2010 WL 4496837, at *2, 4 (Bankr.  N.D.W. Va. Nov. 1, 2010); *In re Campbell*, Case No. 12–06400–8–SWH, 2013 WL 2443377, at *5 (Bankr. E.D.N.C. June 5, 2013).

The Plaintiff could object to the Proof of Claim on the grounds the claim is false even though the claim is based on a Family Court order because the Temporary Support Order is not a final order.  Temporary support orders do not create vested rights and they can be modified or vacated by the court at any time while the litigation proceeds.  Fla. Stat. § 61.14(11); *Dent v. Dent*, 851 So. 2d 819 (Fla. Dist. Ct. App. 2003).  "If further discovery reveals that a temporary support order is inequitable or based upon improper calculations, any inequity can usually be resolved in the final judgment, after a full and fair opportunity to be heard."  *Ghay v. Ghay*, 954 So. 2d 1186, 1190 (Fla. Dist. Ct. App. 2007); *see also Lake v. Lake*, 180 So. 3d 177 (Fla. Dist. Ct. App. 2015) (per curiam) (affirming a temporary support order without prejudice to challenging temporary fees at the time of final judgment).

The complaint does not allege the harm to Plaintiff from the Proof of Claim.  Rather, that allegation is made in the Amended Objection.  However, reading the complaint and the Amended

Objection together, in the light most favorable to Plaintiff, the Court believes Plaintiff may assert a colorable claim to reduce or disallow the Proof of Claim and for damages under Bankruptcy Code section 105 or Bankruptcy Rule 9011. Therefore, the Court could permit Plaintiff to amend the complaint to allege a cause of action under Bankruptcy Code section 502(b) to seek to reduce or disallow the Proof of Claim and for damages under Bankruptcy Code section 105 or Bankruptcy Rule 9011 for filing a false proof of claim.

However, claim objections are summary proceedings and need not be asserted by way of adversary proceeding. *See* Fed. R. Bankr. P. 3007. Additionally, the Court intends to enter an order remanding Margalit Schneorson's claims for temporary and permanent support to the Family Court. Accordingly, in the interests of judicial economy and efficiency, the Court will dismiss this claim and this adversary proceeding without prejudice to the rights of any party in interest, including Plaintiff, to object to the Proof of Claim on any grounds and to seek damages under Bankruptcy Code section 105 or Bankruptcy Rule 9011 after the Family Court makes final determinations respecting domestic support.

## III.    Leave To Amend

Plaintiff, in the alternative, seeks leave to amend his complaint. Generally, the court should "freely give leave when justice so requires." Fed. R. Civ. P 15(a)(2), made applicable by Rule 7015 of the Federal Rules of Bankruptcy Procedure. "[T]he court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). However, where an amendment would be futile because no possibility exists that an amended complaint

would succeed in stating a claim, denial of leave to amend would be proper.  *Cf. Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999).

Plaintiff's request for leave to amend will be denied.  As discussed above, Plaintiff lacks standing to pursue pre-Petition Date claims and there is no indication that Plaintiff could state a viable claim based on Defendants' post-Petition Date conduct.

## IV.    Cross-Motion For Sanctions

The title of the Objection references a cross-motion for sanctions against Defendants, however, no argument in support of the request is in the Objection, except that the Motion to Dismiss is a continuation of Defendants' misconduct.  *See generally* Obj.  The Court has granted the Motion to Dismiss.  Accordingly, the Court cannot find the Motion to Dismiss is frivolous, presented for an improper purpose or otherwise sanctionable.

Additionally, Plaintiff's cross-motion for sanctions should be denied because it is procedurally deficient.  The motion for sanctions was not made separately from the Objection and Plaintiff failed to file proof that he served the motion at least 21 days prior to filing the request for sanctions, as required by Rule 11(c)(1).  *See Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1323, 1328 (2d Cir. 1995) (denying request for sanctions included in motion to dismiss because it failed to comply with procedural requirement for separate motion); *Dagostino v. Computer Credit, Inc.*, 238 F. Supp. 3d 404, 419 (E.D.N.Y. 2017) (noting that "because neither party has formally moved for sanctions, the requests [were] not properly before the Court").

## V.    Dismissal For Lack Of Personal Jurisdiction Under Fed. R. Civ. P. 12(b)(2)

Rule 12(b)(2) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012(b), provides for dismissal of a complaint for lack of personal jurisdiction.  "Before a federal court may exercise personal

jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co. Ltd.*, 484 U.S. 97, 104 (1987).  A federal court acquires personal jurisdiction over a defendant "when the plaintiff serves the defendant with the complaint in a manner specified by Rule 4 of the Federal Rules of Civil Procedure."  *Lampe v. Xouth, Inc.*, 952 F.2d 697, 701 (3d Cir. 1991) (citing *Martin v. Del. Law Sch. of Widener Univ.*, 625 F.Supp. 1288, 1295 (D. Del. 1985)).

Here, Michael H. Cohen does not consent to this Court's jurisdiction and submits that the complaint should be dismissed against him under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction over him because he was not properly served in Israel where he resides. Mot. to Dismiss ¶¶ 14-15.  Plaintiff's claims against Michael H. Cohen will be dismissed and there is no need for this Court to determine whether Michael H. Cohen was properly served.  As such, the Court makes no ruling on the issue of personal jurisdiction over Michael H. Cohen.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants' motion to dismiss is granted.  Plaintiff's claims against Defendants are dismissed; provided, however, the rights of all parties in interest, including Plaintiff, are preserved to object to the Proof of Claim on any grounds and to seek sanctions under Bankruptcy Code section 105 or Bankruptcy Rule 9011 for filing a false proof of claim after the Family Court makes final determinations respecting domestic support.

Defendants are directed to submit an order consistent with this memorandum.

Dated: September 29, 2022
      Brooklyn, New York

**Jil Mazer-Marino**
**United States Bankruptcy Judge**